[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE' MOTION TO DISMISS SUMMARY PROCESS ACTION
This is the third summary process action brought by plaintiff Vincent Yulo against defendant Living Waters Christ Church. In the first action the plaintiff served a notice to quit on November 10, 1994, notifying the defendant to vacate the premises on or before November 19, 1994, and stating in the notice that the occupancy ended due to termination of lease. The defendant filed CT Page 8529 a Motion to Dismiss the first action premised on the claim that the Notice to Quit was invalid since it required the defendant to vacate prior to the end of the lease month in which it was served. While the first action was pending, the plaintiff filed a second summary process action.
In the second summary process action the plaintiff served a notice to quit on December 22, 1994, informing the defendant to vacate the premises on December 31, 1994 — the last day of the month. The notice stated that the reason for ending the occupancy was expiration of lease. The defendant filed a motion to dismiss the second action on several grounds, including the fact that the first action was still pending, and therefore, the second action violated the "prior pending action doctrine." On March 2, 1995, the Court granted the motion to dismiss the second action on this ground. On March 22, 1995, the plaintiff withdrew the first summary process action.
On March 25, 1995, the plaintiff served another notice to quit, directing the defendant to vacate the premises on or before April 1, 1995 for the following reasons: "1) non-payment of rent due on March 1, 1995; 2) termination of lease by lapse of time; and 3) tenant having had the right or privilege to occupy said premises no longer has the right or privilege to so occupy." This notice to quit is attached to the complaint in this third summary process action which is presented in three counts. The three counts track the reasons set out in the notice to quit.
The defendant has filed a motion to dismiss this third action. In its motion to dismiss the defendant argues that the notice to quit is invalid for the following reasons: 1) the pendency on March 1, 1995 of the prior two actions vitiates any claim that any rent possibly could be due; 2) the service of a prior notice to quit terminated any leasehold interests, and, therefore, a rental agreement was not in existence on March 25, 1995, for the "lapse-of-time purpose set out in the notice; and 3) that the "no right or privilege clause" in Conn. Gen. Stat. § 47a-23(3)(a) is applicable to persons or entities that never had a right or privilege of occupancy, and therefore, not applicable CT Page 8530 to the defendant that had at one time a right and privilege to occupy the subject premises.
The defendant has requested that the Court take judicial notice of the prior summary process actions. Having reviewed the arguments of counsel, and their memoranda of law, as well as the prior summary process actions, including the notices to quit therein, the Court finds that the only notice which appears on its face to be valid is the one served on December 22, 1994. SeeBridgeport v. Barbour-Daniel Electronics, Inc.16 Conn. App. 574, 584 (1988). Upon the principles reflected in the defendant's memorandum of law, the Court grants the defendant's Motion to Dismiss.
Clarance J. Jones, Judge